IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BOB DAEMMRICH PHOTOGRAPHY, INC., | § | |
| Plaintiff, | § | |
| v. | § | 1:15-CV-1150-RP |
| SCHOLASTIC INC., | § | |
| Defendant. | § | |

**ORDER**

Before the Court is nonparty Peter Menzel's ("Menzel") Motion to Intervene and Modify the Protective Order. (Dkt. 37). Menzel is suing Defendant Scholastic, Inc. ("Scholastic") in a different federal court over similar allegations. *See* Complaint, *Menzel v. Scholastic, Inc.*, Case No. 3:17-CV-05499-EMC, Dkt. 1 (N.D. Cal. Sept. 22, 2017). There, as Plaintiff Bob Daemmerich Photography, Inc. does here, Menzel alleges that Scholastic has used his copyrighted photographs without a license or permission. (*Compare id. with* Compl., Dkt. 1). In Menzel's case, United States District Judge Edward Chen dismissed Menzel's claims because the allegations in his complaint were made in "wholly conclusory terms" and lacked sufficient factual detail to plausibly state a claim for relief. *Menzel v. Scholastic, Inc.,* No. 17-CV-05499-EMC, 2018 WL 1400386, at *2–3 (N.D. Cal. Mar. 19, 2018). Judge Chen gave Menzel until May 14, 2018, to amend his complaint. *Id.* at *4.

The parties in this action have conducted discovery under the umbrella of a protective order. (*See* Protective Order, Dkt. 32). The protective order provides that classified information shall be used "solely for the purpose of . . . this litigation." (*Id.* at 4). Menzel now asks the Court to permit him to intervene in this action and to modify the protective order so that he can use information produced in this case to bolster the allegations in his amended complaint. (Mot. Intervene, Dkt. 37, at 4–6). Scholastic opposes Menzel's motion. (Resp. Mot. Intervene, Dkt. 38).

1

Menzel seeks to intervene only to seek modification of the protective order; the Court therefore needs not analyze the merits of his request to intervene because it declines to modify the protective order. The Court enjoys broad discretion in modifying protective orders. *See Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008) (The court enjoys broad discretion in entering and modifying any [protective order.]"); *Peoples v. Aldine Indep. Sch. Dist.*, No. CIV. A. 06-2818, 2008 WL 2571900, at *2 (S.D. Tex. June 19, 2008) ("A court has discretion to modify a protective order it has entered as long as the order remains in effect.".). And just as good cause is required to enter a protective order, *see* Fed. R. Civ. P. 26(c), so too must the moving party show good cause to modify a protective order. *Murata Mfg. Co. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006). Indeed, good cause is one of several factors that courts often examine to determine whether to modify a protective order. *See Peoples*, 2008 WL 2571900, at *2 (citing *Murata*, 243 F.R.D. at 179, and describing the good-cause requirement as the "most significant[ ]" factor); *Raytheon*, 2008 WL 4371679, at *2 (same).

Here, the Court will not modify the protective order because Menzel has failed to show good cause to do so. Menzel's original complaint alleged that Scholastic had recently been sued by a number of other plaintiffs for copyright infringement. Complaint at 3–4, *Menzel v. Scholastic, Inc.*, Case No. 3:17-CV-05499-EMC, Dkt. 1 (N.D. Cal. Sept. 22, 2017) (citing thirteen cases). In dismissing Menzel's claims, Judge Chen indicated that Menzel's claim for relief would not be made more plausible by allegations that Scholastic had infringed others' photographs:

> Just because Scholastic has exceeded licenses given by other individuals or entities . . . does not make it plausible that Scholastic has done the same with respect to Mr. Menzel.

*Menzel*, 2018 WL 1400386, at *3. In other words, Menzel is asking the Court to permit him to see and use information that Scholastic agreed to produce for use only in this litigation even though the court in his case indicated that it did not regard such information to be relevant to the plausibility of

2

his allegations in his case. There is thus no good cause to modify the protective order in this case, especially in light of Scholastic's reliance on the order and the unforeseeability of Menzel's motion at the time the Court entered the order. *See Peoples*, 2008 WL 2571900, at *2 (stating that in addition to good cause, courts consider (1) "the nature of the protective order," (2) "the foreseeability, at the time of issuance of the order, of the modification requested," and (3) "the parties' reliance on the order") (quoting *Murata*, 234 F.R.D. at 179).

Accordingly, **IT IS ORDERED** that Menzel's Motion to Intervene and Modify the Protective Order, (Dkt. 37), is **DENIED**.

**SIGNED** on April 23, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE